UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| TYLER HAYES MILLS, | ) | |
| | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 20-1285-JDT-cgc |
| | ) | |
| TOMMY GURIEN and CORIZON HEALTH, | ) | |
| | ) | |
| | ) | |
| | ) | |
|     Defendants. | ) | |

ORDER DISMISSING COMPLAINT, GRANTING LEAVE TO AMEND,
DENYING MOTION FOR APPOINTMENT OF COUNSEL, AND
DENYING MOTION FOR ORDER DIRECTING DEFENDANTS TO RESPOND

    On December 31, 2020, Plaintiff Tyler Hayes Mills, who at the time was incarcerated at the Northwest Correctional Complex (NWCX) in Tiptonville, Tennessee, filed a *pro se* civil complaint. (ECF No. 1.) He filed a motion for appointment of counsel on January 28, 2021. (ECF No. 4.) On February 4, 2021, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915(a)-(b). (ECF No. 6.) Mills sues Corizon Health and Tommy Gurien, a therapeutic counselor for Corizon at the NWCX. Mills filed a motion on July 12, 2021, asking the Court to order Defendant Gurien to respond to the complaint. (ECF No. 7.)

    Mills notified the Court on August 2, 2021, that he had been released from prison and provided his new address. (ECF No. 8.) The Court subsequently ordered him to either pay the remainder of the filing fee or renew his pauper status by filing a non-prisoner *in forma pauperis*

affidavit.  (ECF No. 9.)  Mills complied by paying the outstanding balance of the filing fee on August 24, 2021.  (ECF No. 10.)

Mills's § 1983 complaint alleges that he was groped while picking up his commissary sack at NWCX.  (ECF No. 1 at PageID 6.)  After calling his mother about the incident, Mills called the "P.R.E.A. line" and gave an "entire statement" about it.  (*Id*. at PageID 3.)  A few days later, Internal Affairs Officer Speiler of the "State Counselor's Office" told Mills that, after reviewing camera footage of the incident, Seiler saw Gurien "forcefully put his hands on the Plaintiff's hips." (*Id*. at PageID 4.)  About one week later, Speiler told Mills that Gurien had been terminated from NWCX in connection with the incident.  (*Id*.)

Mills asserts Eighth Amendment claims for cruel and unusual punishment by means of sexual assault, sexual harassment, and sexual advances (*id*. at PageID 3, 5 & 7); and excessive force (*id*. at PageID 3).  He seeks restitution damages for the costs of lifetime professional therapy, punitive damages, nominal damages for pain and suffering, and costs.  (*Id*. at PageID 8.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint —

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the Court applies the standards of Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007).  *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  The Court accepts a plaintiff's "well-pleaded" factual allegations as true and then determines whether the allegations "'plausibly

2

suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Mills filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

3

*Statute of Limitations*:  Mills alleges the events at issue in this case occurred in April but does not indicate the year.  (ECF No. 1 at PageID 3-4.)  The complaint was filed in December 2020, and the Court will presume he is referring to April 2020.  If, however, the incident occurred in April 2019 or even earlier, Mills's claims are time barred.  The limitations period for § 1983 actions arising in Tennessee is the one-year provision found in Tennessee Code Annotated § 28-3-104(a)(1)(B).  *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005).

*Claims Against Corizon*:  Mills states that Corizon contracts with the State of Tennessee to provide therapeutic community programs at the NWCX.  (*Id*. at PageID 2.)  However, Mills does not state a viable claim against this Defendant.

"A private corporation that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983." *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)); *see also Parsons v. Caruso*, 491 F. App'x 597, 609 (6th Cir. 2012) (corporation that provides medical care to prisoners can be sued under § 1983).  The Sixth Circuit has applied the standards for assessing municipal liability to claims against private corporations that operate prisons or provide medical care to prisoners.  *Thomas*, 55 F. App'x at 748-49; *Street*, 102 F.3d at 817-18; *Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001).  Corizon "cannot be held liable under a theory of *respondeat superior*." *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011). Instead, to prevail on a § 1983 claim against Corizon, Mills "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights. *Id.*  However, the complaint does not allege that Mills suffered any injury because of an unconstitutional policy or custom of Corizon.

*Eighth Amendment Claim for Sexual Harassment*:  Mills's claims against Defendant Gurien for cruel and unusual punishment arise under the Eighth Amendment, which prohibits the infliction of 'cruel and unusual punishments' on those convicted of crimes." *See generally Wilson v. Seiter*, 501 U.S. 294, 296 (1991).  This means that prison officials must provide inmates with humane conditions of confinement.  *See Rhodes v. Chapman*, 452 U.S. 337, 347-48 (1981) (prison officials must give inmates adequate food, clothing, shelter, and medical care).  "Eighth Amendment claims based on prison conditions have both an objective component (denial of . . . 'the minimal civilized measure of life's necessities'), and a subjective component ('deliberate indifference')."  *Berryman v. Johnson*, Nos. 88-1239 & 88-1280, 1991 WL 150808, at *10 (6th Cir. Aug. 6, 1991); *see also Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

The objective component requires that the deprivation be "sufficiently serious."  *Farmer*, 511 U.S. at 834; *Hudson v. McMillan*, 503 U.S. 1, 9, 9 (1992); *Wilson*, 501 U.S. at 928.  A prisoner has to allege that he "is incarcerated under conditions posing a substantial risk of serious harm."  *Id.*; *see also Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005).  Or, he has to allege that the defendant deprived him of the "minimal civilized measure of life's necessities."  *Wilson*, 501 U.S. at 298 (quoting *Rhodes*, 452 U.S. at 347); *see also Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004).  "[B]ecause the sexual harassment or abuse of an inmate by a corrections officer can never serve a legitimate penological purpose and may well result in severe physical and psychological harm, such abuse can, in certain circumstances, constitute the "'unnecessary and wanton infliction of pain.'"  *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997), *quoted in Kelly v. Moose*, No. 3:12-cv-01339, 2013 WL 141132, at *3 (M.D. Tenn. Jan. 10, 2013).  However, the prisoner must establish, "as an objective matter," that the defendant's actions amounted to the infliction of pain.  *Id.*

The subjective component requires that jail officials acted with intent – that they had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834 (quoting *Wilson*, 501 U.S. at 297); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009). Under this requirement, a plaintiff must show that a prison official subjectively knows of an excessive risk of harm to an inmate's health or safety and chooses to disregard that risk. *Farmer*, 511 U.S. at 837; *Wilson*, 501 U.S. at 302-03 (plaintiffs must show that prison officials acted with "deliberate indifference" to a substantial risk the prisoner would suffer serious harm).

Mills does not sufficiently allege either the subjective or objective component. His complaints about Gurien placing his hands "on the Plaintiff's hips" (ECF No. 1 at PageID 4), making "a homosexual gesture" (*id*. at PageID 6), and "comment[ing] with a sexual remark to grab the Plaintiff's attention" (*id*.) do not meet the "extreme deprivation" standard. The facts as alleged in Mills's complaint simply do not plausibly rise to the level of "infliction of pain." *See Freitas*, 109 F.3d at 1338; *Kelly*, 2013 WL 141132, at *3.[1] Moreover, Plaintiff's legal characterization of Gurien's conduct as "sexual harassment" and "sexual assault" (ECF No. 1 at PageID 4 & 5) does not transform Defendant's alleged behavior into actionable conduct. This is particularly so where, as here, there are no factual allegations supporting Plaintiff's labels. In sum, Mills fails to satisfy the Eighth Amendment's objective prong.

---

[1] With regard to the sexual remark, it is well settled that verbal abuse or harassment at the hands of prison officials (or other prisoners) does not constitute a violation of the Eighth Amendment. *See, e.g., Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (holding that even harassment that constitutes "shameful and utterly unprofessional behavior" is insufficient to constitute cruel and unusual punishment); *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987) ("Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment"); *Violett v. Reynolds*, 76 F. App'x 24, 27 (6th Cir. 2003) (holding that an officer's "reprehensible" action of offering of sexual favors to the plaintiff-inmate did "not rise to the level of a constitutional violation").

Plaintiff also does not allege enough to satisfy the Eighth Amendment's subjective component. For example, he does not allege that Gurien had subjective knowledge of, and disregarded, an excessive risk of harm to Mills's health or safety.

*Eighth Amendment Claim for Sexual Assault/Excessive Force*: A claim, such as Mills's here (ECF No. 1 at PageID 3, 6), that a prisoner "was sexually assaulted by prison guards in an act of excessive force implicates the Eighth Amendment's prohibition against cruel and unusual punishment." *See Williams v. Davis*, No. 20-cv-2254-JTF-atc, 2020 WL 6937445 at *3 (W.D. Tenn. Nov. 24, 2020) (citing *Combs v. Wilkinson*, 315 F.3d 548, 556 (6th Cir. 2002)). In determining whether a prison official has violated the Eighth Amendment's prohibition against excessive force, courts apply a two-part inquiry consisting of objective and subjective components: (1) whether the conduct, in context, is sufficiently serious to offend "contemporary standards of decency," *Hudson*, 503 U.S. at 6, 9; and (2) "whether force was applied in a good faith effort to maintain and restore discipline or maliciously and sadistically for the very purpose of causing harm." *Id.* To satisfy the objective component, an inmate need not prove a serious injury but the extent of the harm may be probative of whether the force was plausibly "thought necessary" in the situation. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). The subjective prong requires consideration of the need for the use of force, the relationship between that need and the force used, the threat reasonably perceived by the official and the extent of the injury. *Hudson*, 503 U.S. at 7. Good faith in the use of physical force for a valid penological objective will rarely, if ever, violate the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 319-20 (1986); *Rhodes*, 452 U.S. at 346.

So the initial inquiry here is whether Gurien's alleged use of force was objectively harmful enough to establish a constitutional violation "as measured by society's contemporary standards of decency." *See McMillian*, 503 U.S. at 7-8. The complaint's facts are insufficient to afford a

7

plausible inference that such was the case here. *See Hudson*, 503 U.S. at 7-8. Beyond an allegation of Gurien "grabbing both sides of the Plaintiff's hips," (*see* ECF No. 1 at PageID 6), Mills does not actually describe how such touching was a "sexual assault" (*see id*. at PageID 3), as opposed to a legitimate pat-down search for contraband. And while Gurien's "homosexual gesture" and "sexual remarks" (*see id*.), might suggest Defendant's ill-will towards Mills, Mills does not describe the gesture or identify the remarks' content. Such facts would inform the Court's excessive force analysis here.

For all of the foregoing reasons, Mills's complaint fails to state a claim on which relief may be granted and is subject to dismissal.

<u>Opportunity to Amend Complaint</u>: The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court finds Mills should be given the opportunity to amend his complaint.

<u>Conclusion</u>: In conclusion, the Court DISMISSES Mills's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A (b)(1). Leave to amend, however, is GRANTED. Mills's motion for appointment of counsel is DENIED without prejudice to re-filing if this case is ultimately allowed to proceed. The motion for an order

requiring Gurien to respond is also DENIED.  If Mills files an amended complaint that is allowed to proceed, the Court will order service of process.

Any amended complaint must be filed within twenty-one days after the date of this order, **on or before October 8, 2021**.  Mills is advised that an amended complaint will replace the original complaint and must be complete in itself without reference to the prior pleading.  The amended complaint must be signed, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document.  If Mills fails to file an amended complaint within the time specified, the Court will dismiss the case with prejudice in its entirety, recommend a strike pursuant to 28 U.S.C. § 1915(g), and enter judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE